UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLINTON C. BARLOW,

                              Plaintiff,

v.                                                            5:07-CV-1310
                                                               (FJS/GHL)

U.S.H.H.S., et al.,

                              Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

CLINTON C. BARLOW
Plaintiff *pro se*
3287 Shetland Road West
Jacksonville, Florida 32277

GEORGE H. LOWE, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

      This matter was referred to me for report and recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

      Plaintiff, proceeding *pro se*, alleges that his nephew's Supplemental Security Income and Disability Insurance Benefits are being mismanaged by the nephew's designated payee. (Dkt. No. 1.) Plaintiff has moved for leave to proceed *in forma pauperis*. (Dkt. No. 2.)

      The Court possesses the authority (and, indeed, the duty) to *sua sponte* review allegations by *pro so* plaintiffs that the Court has obtained reason to believe may be frivolous or may fail to state a claim upon which relief may be granted. Under Federal Rule of Civil Procedure 12(h)(3),

the Court has the authority to dismiss an action *sua sponte* when it appears that the Court lacks jurisdiction of the subject matter[1]. "Dismissals on these grounds are often made ... prior to the issuance of process, so as to spare prospective defendants of the inconvenience and expense of answering such complaints." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

Here, as noted above, Plaintiff alleges that his nephew's Supplemental Security Income and Disability Insurance Benefits are being mismanaged by the nephew's designated payee. The Social Security Administration's Regulations anticipate that such situations will arise. When the Social Security Administration learns that a payee has not used payments properly or has failed to carry out his or her responsibilities, the Administration is required to stop sending benefit payments to that payee. 20 C.F.R. § 416.650 (2007). When a designated payee mismanages funds, the Social Security Administration "will make every reasonable effort to obtain restitution of misused benefits" and will, in cases where the Administration negligently failed to investigate or monitor the payee, "pay ... an amount equal to the misused benefits less any amount we collected from the misuser and repaid to (the beneficiary)." 20 CFR § 416.641(a) and (c) (2007).

District Court jurisdiction over Social Security matters is limited. Under 42 U.S.C. § 405(g), "(a)ny individual, after any final decision of the Commissioner of Social Security made

---

[1] The Court's authority also can be derived from two other sources: (1) 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss [a] case [brought by a person proceeding *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] . . . or . . . seeks monetary relief against a defendant who is immune from such relief"; and (2) 28 U.S.C. § 1915A(b), which provides that, "[o]n review, the court shall . . . dismiss the [person's] complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . "

after a hearing to which he was a party ... may obtain a review of such decision by a civil action." Thus, before proceeding to District Court, a claimant must receive a "final decision" from the Social Security Administration. In order to receive a "final decision" from the Social Security Administration, a claimant must first complete each step of the administrative review process as prescribed by the Commissioner. 20 C.F.R. § 416.1400(a)(5) (2007).

Here, Plaintiff's complaint does not allege that he completed each step of the administrative review process as prescribed by the Commissioner. Therefore, this Court does not have subject matter jurisdiction over his complaint. Accordingly, it is hereby

**RECOMMENDED**, that (1) this case be **DISMISSED** for lack of subject matter jurisdiction; and (2) Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: December 19, 2007
      Syracuse, New York

*/s/ George H. Lowe*
George H. Lowe
United States Magistrate Judge